IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARK ANDREW KALINA,

    Plaintiff,

v.                                                      CASE NO. 4:14-cv-329-MW-GRJ

MICHAEL CREWS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Mark Andrew Kalina, DOC # A115290, a prisoner presently confined at Jefferson Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1, 5. Plaintiff alleges that the conditions of confinement at Jefferson C.I. violate the Eighth Amendment due to inadequate ventilation caused by a malfunctioning air conditioning system. Doc. 1. Plaintiff seeks injunctive and monetary relief. *Id.*

    Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. *Id*. at 3. Section IV. B & C. require prisoners to disclose whether they have initiated actions in federal or state court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" *Id*. at 3-4. Section IV. D. of the complaint form requires prisoners to

disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed. *Id.*

Plaintiff responded "no" to each of these questions. A review of the Court's PACER Case Locator reflects that Plaintiff has filed at least four additional federal civil rights cases and one appeal while he has been incarcerated. In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).

Moreover, at least two of Plaintiff's previous federal district court cases and one appeal were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B), and therefore Plaintiff is not entitled to proceed as a pauper in this case because he is subject to the 28 U.S.C § 1915(g) "three strikes" bar. In *Mark Andrew Kalina v. Inst. Insp. Reed et al.*, Case No. 3:00-cv-440-J-21A (M.D. Fla. 5/4/00) (Doc. 3), the court dismissed Plaintiff's prisoner civil rights complaint for abuse of the judicial process because Plaintiff failed to truthfully disclose his previous prisoner civil rights filings on the complaint form. The Court specifically noted that a dismissal for abuse of the judicial process counted as a strike for purposes of § 1915(g). In *Mark Andrew Kalina v. United States*, Case No. 8:11-cv-98-JSM-TGW (M.D. Fla. 7/18/11) (Doc. 17), the

court dismissed Plaintiff's Federal Tort Claims Act complaint prior to service for failure to state a claim upon which relief may be granted because Plaintiff's claims were clearly time-barred. The court denied Plaintiff leave to appeal *in forma pauperis*, finding that the appeal was not taken in good faith. *Id*. Doc. 25. The Eleventh Circuit found that Plaintiff's appeal lacked any arguable basis in law or fact, and accordingly dismissed the appeal as frivolous. *Id*. Doc. 27. This Court has confirmed that the Plaintiff in these three prior proceedings is the same Plaintiff in the instant case, having the same DOC inmate number (A115290).

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of

assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, the Complaint as a whole does not allege facts showing that Plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (Doc. 5) should be **DENIED,** and that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 13th day of August 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.